IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES JONES, JR., ) | |
| ) | |
| Plaintiff, ) | 4:05cv3324 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| LESLIE CAVANAUGH, et al., ) | |
| ) | |
| Defendants. ) | |

Because it appeared to the court that this case may have been abandoned, as mail from the court to the plaintiff had been returned, with no known forwarding address, the court issued an Order to Show Cause (filing no. 7). The plaintiff filed a Response (filing no. 9), providing a new address and explaining his present circumstances. Therefore, the plaintiff has shown cause why the above-entitled case need not be dismissed for lack of prosecution.

The court previously considered the plaintiff's Application for Leave to Proceed in Forma Pauperis ("IFP") filed while the plaintiff was a prisoner. However, a former prisoner, like the plaintiff, who is released from custody after filing a civil complaint should file an Application for Leave to Proceed IFP based on the changed circumstances caused by release from prison. If IFP status is then granted, the plaintiff will be relieved of any liability for the balance of the filing fee. Therefore, if the plaintiff wishes to continue to litigate the above-entitled case which he filed when he was a prisoner, he must now file a new Application for Leave to Proceed IFP as a nonprisoner. See, e.g., McGann v. Comm'r, Social Security Admin., 96 F.3d 28, 30 (2d Cir. 1996) ("A released prisoner may litigate without further payment of fees upon satisfying the poverty affidavit requirement applicable

to all non-prisoners.").

In the alternative, the plaintiff may allow the above-entitled case which he filed as a prisoner to be dismissed without prejudice. He may then file a new case covering the same subject matter, but filed in his current status as a nonprisoner, and accompanied by an application for leave to proceed IFP. A case brought as a prisoner is subject to the Prison Litigation Reform Act ("PLRA") which imposes many limitations on plaintiffs who are prisoners when they file their complaints, even if they are later released from custody. For example, the PLRA requires that claims relating to prison conditions must be exhausted before they are brought in federal court. Also certain kind of damages may not be recovered. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Nonprisoners who receive leave to proceed IFP are relieved of any obligation to pay the filing fee.

IT IS THEREFORE ORDERED:

1. That the Clerk of Court shall send the plaintiff the form for requesting leave to proceed IFP;

2. That the plaintiff shall complete the form and return it to the court by May 2, 2006, if he wishes to continue to litigate the above-entitled case brought as a prisoner; if the plaintiff does not return the completed IFP application by April 26, 2006, this case will be subject to dismissal, without prejudice;

3. That if the plaintiff chooses not to continue to litigate the above-entitled case, he may simply elect not to return the new IFP application by May 2, 2006, and instead, he

may file a new complaint whenever he decides to do so, within the statute of limitations (four years from the date of the injury complained of);

    4.    That if the plaintiff does return the new IFP application by May 2, 2006, so as to continue to litigate the above-entitled case, the plaintiff is reminded to keep the court informed of his current address at all times while this case is pending. Failure to do so can result in dismissal.

    DATED this 4th day of April, 2006.

                                    BY THE COURT:

                                    S/ F. A. Gossett
                                    United States Magistrate Judge