IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
CHARLES JONES, JR.,            )
                               )
            Plaintiff,         )       4:05CV3324
                               )
       v.                      )
                               )
LESLIE CAVANAUGH, et al.,      )       MEMORANDUM OPINION
                               )
            Defendants.        )
_____)
```

This matter is before the Court for initial review of the complaint filed by the plaintiff, Charles Jones, Jr., who filed this case when he was a prisoner, and plaintiff's renewed Motion to Proceed In Forma Pauperis ("IFP") (Filing No. 11) now that he has been released from custody.  As a preliminary matter, the plaintiff's Motion to Proceed IFP as a nonprisoner is granted, and the plaintiff is relieved of any further obligation for the filing fee in the above-entitled case.

The plaintiff has sued the public defender who represented him in criminal proceedings in a state court, as well as the judge in the state court proceedings and the State of Nebraska.  Pursuant to 42 U.S.C. § 1983, the plaintiff seeks damages for the violation of his constitutional rights in connection with the criminal prosecution in state court.

Because the plaintiff filed this action as a prisoner, the Prison Litigation Reform Act ("PLRA") applies.  The PLRA requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, and restricts remedies and procedures in prisoner litigation.  For example, 28 U.S.C. § 1915A directs the Court to screen prisoner complaints.  Similarly, by proceeding IFP, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
>
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

First, the plaintiff's complaint fails to state a claim on which relief may be granted against the defendant public defender.  To state a claim for relief in a civil rights action

brought under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed *under color of state law*.  Purely private individuals and entities who commit torts, *i.e.*, civil wrongs, against other private parties are generally not acting "under color of state law" when they commit those acts.  A public defender does not act "under color of state law" for purposes of 42 U.S.C. § 1983 when performing traditional functions as counsel for the defendant in a criminal prosecution. *See Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981) (holding that a public defender does not act under color of state law, as required for an action under § 1983, because a public defender "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client" and because there is an "assumption that counsel will be free of state control").  Therefore, the plaintiff may not sue a public defender under 42 U.S.C. § 1983 in federal court for civil rights violations.

Second, the judge named by the plaintiff as a defendant has absolute immunity from the plaintiff's claim for damages. Judges have absolute immunity from a suit for damages arising out

-3-

of acts, whether or not erroneous, in their judicial capacity, as long as such acts were not taken in the complete absence of all jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).  As an example of a clear absence of jurisdiction, *see id*. at 357 n. 7:  "[I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune."  Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Finally, the Eleventh Amendment to the United States Constitution bars claims for monetary relief by private parties against a state, a state agency or instrumentality, or an employee of a state in his or her official capacity. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). Moreover, a suit may be brought under 42 U.S.C. § 1983 only against a "person" who acted under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). However, a state is not a "person" who may be sued under 42 U.S.C. § 1983. *Hilton v. South Carolina Public Railways Com'n*, 502 U.S. 197, 199-201 (1991), *citing Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Thus, 42 U.S.C. § 1983 does not create a cause of action against the State of Nebraska.

Also, a federal district court does not possess authority to review or alter final judgments of a state judicial proceeding. Appellate jurisdiction over state court decisions, even when the challenge to the state court's action involves federal constitutional issues, lies exclusively in the United

States Supreme Court.  See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  Federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."  *Feldman*, 460 U.S. at 486.  Therefore, insofar as the plaintiff is seeking in this case to challenge or change the outcome of proceedings in the state courts, the "*Rooker-Feldman* doctrine" bars this Court from correcting a state court judgment, and no relief is available in this Court to do so.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 19th day of May, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court